■ MICHAEL T. CUMMINGS, Respondent, v PETER A. BLAKESLEE, Appellant.—Judgment unanimously reversed, on the law, and new trial granted, with costs to abide the event. Memorandum: In this personal injury negligence action, defendant appeals from a judgment of Supreme Court, Niagara County, in favor of plaintiff in the sum of $25,000. The accident occurred at 2:40 A.M. on July 28, 1973 at the intersection of Washburn and South Streets in the City of Lockport. Plaintiff was operating his motorcycle in a southerly direction on Washburn Street, and the defendant was operating his automobile in a northerly direction on the same street and was making a left turn into South Street when the two vehicles collided. As a result of the accident plaintiff suffered two broken legs and other injuries. In view of the hotly contested questions of fact which arose during the trial, particularly as to plaintiff's contributory negligence, the evidence would have supported a verdict in favor of either party. One of the major issues, for example, related to whether the lights on the plaintiff's motorcycle were operating immediately prior to the accident as required by subdivision 1 of section 381 of the Vehicle and Traffic Law. This and other sections of the Vehicle and Traffic Law were relevant to the case and all were read to the jury by the court in its charge. While the court properly instructed the jury that if they found that the defendant violated a statute, such a violation constitutes negligence, a similar charge was not given regarding plaintiff's conduct (cf. PJI 2:26; 1 NY PJI2d 157–158; see, also Martin v Herzog, 228 NY 164). This error was brought to the attention of the court in a timely manner and a specific request was made by defendant's counsel to instruct the jury as to the statutory standard of care required of the plaintiff. In

denying the request, the court erroneously asserted that such an instruction had been given. The court's failure so to charge constitutes error which we may not view as harmless in the circumstances (cf. CPLR 2002; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2002.03). We have considered the several other issues raised by defendant and find that none is ground for reversal. (Appeal from judgment of Niagara Supreme Court—automobile negligence.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.